1   WO

6 **IN THE UNITED STATES DISTRICT COURT**

7 **FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Joshua Seraphim, | No. CV-17-1202-PHX-DKD |
|      Plaintiff, | |
| v. | **ORDER** |
| Heather Vaugh, | |
|      Defendant. | |

This Order addresses Plaintiff's request to proceed without the prepayment of fees because of her indigency, as well as the complaint Plaintiff filed on April 21, 2017.

In every case where a Plaintiff seeks to file a case without the prepayment of fees the Court is required to analyze plaintiff's complaint to determine whether that complaint should be dismissed because it is not a case that is properly brought in federal court. 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's complaint attempts to invoke federal jurisdiction based upon allegations of violations of Arizona Copyright Law. Plaintiff's complaint at page one cites Arizona Revised Statutes section 44-6901. This Arizona statute does not create a basis for federal court jurisdiction.

Plaintiff should understand that the federal courts of the United States are courts of *limited jurisdiction* and only matters that are authorized under the Constitution or laws of the United States may be brought in federal court. The Federal Rules of Civil Procedure (available on-line or in any public library) require that Plaintiff's complaint must contain "a short and plain statement of the grounds for the court's jurisdiction." Federal Rule of

Civil Procedure 8(a)(1).  Federal court jurisdiction is limited to matters arising under the constitution and laws of the United States (this is called "federal question jurisdiction") or cases where citizens of different states are the plaintiff and defendant and the amount in controversy exceeds $75,000 (this is called "diversity jurisdiction").  If Plaintiff contends that federal question jurisdiction exists, Plaintiff must specifically state which Constitutional provision or federal statute confers such jurisdiction.

To provide Plaintiff with the opportunity to allege federal court jurisdiction if Plaintiff thinks it exists, the Court will grant Plaintiff leave to file an amended complaint.  Any amended complaint must comply with Federal Rule of Civil Procedure 8(a) and therefore must satisfy the jurisdictional showing discussed above as well as set forth "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief."  Federal Rule of Civil Procedure 8(a)(2).  Plaintiff must take care to set forth specifically which federal statute or provision of the U.S. Constitution was violated by the defendant.

**IT IS HEREBY ORDERED** that Plaintiff shall file an amended complaint complying with this Order within twenty-one (21) days of the date of this Order.  The Court will hold in abeyance its ruling on Plaintiff's request to proceed without the prepayment of fees and costs until after it has had the opportunity to review Plaintiff's amended complaint.  Plaintiff is advised that failure to comply with this Order may result in the dismissal of this matter.

Dated this 7th day of June, 2017.

_____
David K. Duncan
United States Magistrate Judge